Submitted November 4, affirmed December 8, 2021, petition for review denied April 7, 2022 (369 Or 507)

SALVADOR MICHAEL HERRERA,
*Petitioner-Appellant,*

*v.*

Brad CAIN,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
16CV39268; A173303

501 P3d 96

J. Burdette Pratt, Senior Judge.

Jason Weber and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Petitioner appeals a judgment denying his petition for post-conviction relief. He assigns error to the post-conviction court's determination that his trial counsel was not constitutionally ineffective for failing to preserve the argument that his life sentence violated the Eighth Amendment to the United States Constitution. We affirm.

Petitioner pleaded guilty to committing several felony sex offenses against three minors. Because he had previously been convicted of three felony sex offenses, he faced a presumptive true-life sentence. ORS 137.719(1) ("The presumptive sentence for a sex crime that is a felony is life imprisonment without the possibility of release or parole if the defendant has been sentenced for sex crimes that are felonies at least two times prior to the current sentence."). Petitioner requested that the trial court enter a downward departure from that presumptive sentence, arguing that it was disproportionate to his offenses and therefore unconstitutional as applied to him. The trial court ultimately rejected that argument, noting that petitioner had been convicted of three prior felony sex offenses and had already avoided a true-life sentence for his most recent prior conviction.

On the direct appeal of his conviction, petitioner renewed his argument that the sentence was unconstitutional. The state responded that, although petitioner had preserved his claim under Article I, section 16, of the Oregon Constitution, he had failed to preserve an argument under the Eighth Amendment to the United States Constitution. The state further argued that the sentence did not violate petitioner's rights under either constitution. We affirmed without written opinion. *State v. Herrera*, 265 Or App 478, 334 P3d 992 (2014).

Petitioner now contends that his trial counsel's failure to preserve the Eighth Amendment argument, rendering it unavailable on direct appeal, amounts to ineffective assistance of counsel. We reject that contention. Assuming trial counsel failed to preserve the Eighth Amendment

argument[1] and that that failure amounted to deficient performance, petitioner was not prejudiced. *See Stau v. Taylor*, 302 Or App 313, 323, 461 P3d 255, *rev den*, 366 Or 827 (2020) (recognizing that the "question is whether trial counsel's decision \* \* \* prejudiced petitioner, that is, could have tended to affect the outcome of the case" (internal quotation marks omitted)). We conclude that petitioner's sentence did not violate the Eighth Amendment for the same reasons it did not violate Article I, section 16. *See State v. Ryan*, 361 Or 602, 616, 396 P3d 867 (2017) (observing that "the test for proportionality under the Eighth Amendment is similar to that under Article I, section 16").

Affirmed.

---

[1] Although the state argued on petitioner's direct appeal that the issue was unpreserved, the superintendent now argues that trial counsel *did* preserve the argument. We assume without deciding that the error is unpreserved based on the state's first assertion and need not address petitioner's unpreserved arguments relating to judicial estoppel.